IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SANDRA LOVE, as parents and next friend of B.L., a minor, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CASE NO. 3:09-cv-622-MEF<br>) |
| CITY OF LANETT, *et al.*, | )<br>) |
| Defendants. | ) |

# **MEMORANDUM OPINION AND ORDER**

Plaintiffs Sandra Love and Patricia Perkins ("Plaintiffs") brought this action on July 2, 2009 asserting claims under 42 U.S.C. § 1983 and various state law causes of action. (Doc. # 1.) Plaintiffs seek compensatory damages, punitive damages, and fees and costs. This cause is before the Court on Defendant Jose Maldonado Jaramillo, Jr.'s ("Defendant") Motion to Stay filed on July 22, 2009. (Doc. # 10.) Because Defendant has not demonstrated any special circumstances warranting a stay, Defendant's motion is due to be DENIED.

**A.  Facts and Procedural History** [1]

Plaintiffs allege that on December 30, 2009**,** Defendant, while on duty as a City of Lanett Police Officer, inappropriately touched minors B.L. and A.L. (Doc. #1.) On March 4, 2009, Plaintiffs signed a warrant for Defendant's arrest for committing Sexual

---

[1] Due to the procedural posture of this case, the facts set forth herein are taken from the allegations of the Complaint.

Abuse in the Second Degree. (Doc. #11, Ex. A.) A month later, on April 4, 2009, Defendant was arrested and placed in jail. Defendant currently awaits trial in Chambers County, Alabama, on September 22, 2009, for charges of sexual abuse. *See* Doc. #11.

Plaintiffs filed their complaint on July 2, 2009 against City of Lanett, Teddy Morris, and Jose Maldonado Jaramillo, Jr. None of the defendants have yet filed an answer. Instead, Defendant Jose Maldonado Jaramillo, Jr. filed the present Motion to Stay on July 22, 2009. Plaintiffs have not served discovery on defendants, nor have the parties participated in a Rule 26(f) planning meeting or Rule 16 pretrial conference. In his motion, Defendant seeks to stay all proceedings in this case until the resolution of his criminal trial.

**B.     Discretion to Stay**

"[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (stating that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") However, the Constitution "does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *SEC. v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (en banc). Absent special circumstances, the mere existence of parallel criminal and civil proceedings does not compel stay of the civil

proceeding. *U. S. v. Lot 5, Fox Grove, Alachua County, Fla*., 23 F.3d 359, 364 (11th Cir. 1994) ("a court must stay a civil proceeding pending resolution of a related criminal prosecution only when special circumstances so require in the interests of justice").

**i. "Special Circumstances"**

To determine whether "special circumstances" exist to warrant a stay, courts balance the interests of the parties, the courts and the public, including such considerations as:

> "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest."

*Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) (citation omitted). Although many factors may be relevant, "the similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." *Dominguez v. Hartford Fin. Servs.*, 530 F. Supp. 2d 902, 906-07 (S.D. Tex. 2008); *see also Chao,* 498 F. Supp. 2d at 1039 (degree of overlap is "the most important factor" because absent such overlap there would be no need for a stay). In addition, the Eleventh Circuit has held that "a blanket assertion of the privilege [against compulsory self-incrimination] is an inadequate basis for the issuance of a stay." *Lot 5*, 23 F.3d at 364.

C.     **Instant Case**

Under the circumstances presented here, the Court finds that a stay is not warranted.  Defendant has submitted no evidence or argument of any "special circumstance" that would compel a stay.  Instead, Defendant argues that his Fifth Amendment right against self-incrimination requires a stay because his assertions of privilege will delay the case.  This argument does not demonstrate a "special circumstance."  The Eleventh Circuit has expressly stated that a blanket assertion of Fifth Amendment privilege against self-incrimination is an inadequate basis for the issuance of a stay.  *See Lot 5*, 23 F.3d at 364.  Defendant's Fifth Amendment concerns are too speculative and hypothetical at this time.  The parties here have not yet engaged in discovery, held a Rule 26(f) meeting, or participated in a Rule 16 pretrial conference.  In addition, the Defendant's trial is scheduled for September 22, 2009.  It is not clear to the Court how any potential assertion of Fifth Amendment rights affects either party to the detriment of the other at this stage of the proceedings.  If "substantial circumstances" arise that Defendant believes warrants a stay during the course of litigation, then Defendant may re-file his motion.

Another consideration for the Court in determining whether to stay this case is the similarity between the two actions.  This factor likewise favors denial of Defendant's motion to stay.  While an issue in both this civil action and the Chambers County proceeding will be whether Defendant sexually assaulted minors B.L. and A.L., Plaintiffs

bring several other claims against two other defendants, City of Lanett and Teddy Morris. The two actions, therefore, are sufficiently different from one another and a stay is not appropriate at this time.

## CONCLUSION

Accordingly, it is hereby ORDERED that Defendant's Motion To Stay All Proceedings (Doc. # 10) is DENIED.

Done this the 17th day of August, 2009.

                                            /s/ Mark E. Fuller
                                    CHIEF UNITED STATES DISTRICT JUDGE