IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SANDRA LOVE, AS PARENT AND NEXT FRIEND OF B.L., A MINOR; AND PATRICIA PERKINS, AS PARENT AND NEXT FRIEND OF A.L., A MINOR,<br><br>PLAINTIFFS,<br><br>V.<br><br>CITY OF LANETT; TEDDY MORRIS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY OF CHIEF OF THE LANETT POLICE DEPARTMENT; and JOSE MALDONADO JARAMILLO, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF LANETT,<br><br>DEFENDANTS. | CASE NO: 3:09-cv-622-MEF<br><br>(WO - DO NOT PUBLISH) |

## ORDER FOR APPROVAL OF PRO AMI SETTLEMENT AGREEMENT

THIS CAUSE coming to be heard by the Court sitting without a jury, and there appearing before the Court the minor plaintiffs, and minor plaintiffs' parents and next friends, along with the guardian ad litems for minors, and, the Court having observed the minors and having heard and considered the testimony of Sandra Love and Patricia Perkins and received a report from the guardians ad litem, ore tenus, that the settlement is fair, just, conservative of the interests of the minors, reasonable, and in the best interest of the minors; and, further having considered the other evidence submitted, including that concerning the question of liability in said case and evidence of the nature and extent of the minors' injuries, hereby finds as follows:

1.  On or about December 30, 2008 in Lanett, Alabama near Evangel Temple Church on South Phillips Road, the minor children B. L. and A.L. sustained injuries as a result of an incident involving said Plaintiffs and Jose Maldonado Jaramillo, Jr.; that minor plaintiffs filed suit against Jaramillo and his employer, City of Lanett and Teddy Morris;

2.  Sandra Love is the next friend and mother of B. L. and she is a proper party to bring suit pursuant to ALA. CODE § 6-5-390 (1975);

3.  Patricia Perkins is the next friend and mother of A. L. and she is the proper party to bring suit pursuant to ALA. CODE § 6-5-390 (1975);

4.  There exist questions as to whether the Defendants are liable to the Plaintiffs for injuries and whether liability could be established against the Defendants;

5.  Settlement in the amount of $22,500.00 for B.L. and $22,500.00 for A.L. is fair, just, conservative, reasonable and in the best interest of minors;

6.  That pursuant to ALA. CODE § 26-2A-6 (1975), payment of the funds for and/or on behalf of the minors is to be made to the Clerk of the United States District Court, Middle District of Alabama, Eastern Division, and that said mothers and next friends of the minors, Sandra Love and Patricia Perkins, shall be allowed immediate access to the settlement proceeds to be distributed pursuant to the Court's order GRANTING Plaintiffs' Motion to Approve Distribution of Pro Ami Settlement Proceeds (Doc. #28), as follows: one immediate payment out of the settlement funds of $5,000.00 to each Plaintiff pursuant to the Alabama Facility of Payment Act, Code of Alabama § 26-2A-6; and a second immediate payment out of those funds of $10,000.00 to each Plaintiff pursuant to the Alabama Uniform Transfers to Minors Act, Code of Alabama §§ 35-5A-1 *et seq.* The Facility of Payment Act authorizes "[a]ny person under a duty to pay or deliver money . .

. to a minor" to pay up to a $5,000.00 lump sum payment to "[a]ny person having the care and custody of the minor and with whom the minor resides," under the requirement that such funds be applied to "the health, support, education, or maintenance of the minor." Ala. Code § 26-2A-6. The Uniform Transfers to Minors Act authorizes a person who owes a liquidated debt to a minor lacking a conservator to make a payment to a "custodian" for the benefit of the minor, up to $10,000.00 at the time of transfer. Ala. Code § 35-5A-8.

7.    That the Court has reviewed these matters with Sandra Love and Patricia Perkins and the guardian ad litems for minors and is satisfied that they understand them and approve the settlement agreement; and

The parties having informed this Court that a settlement has been reached on behalf of the minor plaintiffs, B. L. and A.L., minor plaintiffs' parents and next friends, Sandra Love and Patricia Perkins, request that this Court approve said settlement as to said minors and that said settlement be reduced to judgment. This Court having heard testimony and considered the evidence, does hereby APPROVE said settlement.

Defendants have offered to pay the sum of Twenty Two Thousand, Five Hundred and No/100 Dollars ($22,500.00) to each minor plaintiff in settlement of this case. This Court further finds that B. L. is the minor child of Sandra Love and that Sandra Love is a proper parent to prosecute this action; A.L. is the minor child of Patricia Perkins and that Patricia Perkins is the proper parent to prosecute this action; and the settlement entered into between the parties and the judgment stipulated to by the parties is just, fair, reasonable, in keeping with the evidence and conservative of the minors' best interest. See *Maryland Casualty Company v. Tiffin,* 537 So.2d 469 (Ala. 1988); *Abernathy v. Colbert County Hospital Board,* 388 So.2d 1207 (Ala. 1980). The Court further finds that the

attorneys' fees and expenses requested by Plaintiffs' counsel, Gentle, Turner & Sexton, are fair and reasonable and should be approved.

It is hereby, ORDERED that upon payment of said sum, the Defendants shall be relieved of any liability in this action.

It is the intention of this Court that the payment of said settlement shall fully discharge all rights, responsibilities and obligations between these parties. This judgment is intended to cover any claims related to minors for all losses, damages, mental anguish and injuries sustained by minors in the incident made the basis of this action, and the Plaintiffs shall be responsible for any and all medical bills incurred as a result of this incident.

Having considered the testimony and the terms of this settlement, this Court finds the settlement between the parties is in the best interest of the minor children and approves said settlement. In accordance with the terms of the settlement set forth above, it is, **ORDERED, ADJUDGED** and **DECREED** as follows:

A.  That the minor Plaintiff, B. L. have and recover of the Defendants, the sum of Twenty Two Thousand, Five Hundred and No/100 Dollars ($22,500.00) of which $1,846.64 for expenses and $5,653.36 for attorney's fees be made payable to GENTLE, TURNER & SEXTON (totaling $7,500.00).

B.  That the minor Plaintiff, A. L. have and recover of the Defendants, the sum of Twenty Two Thousand, Five Hundred and No/100 Dollars ($22,500.00) of which $1,846.64 for expenses and $5,653.36 for attorney's fees be made payable to GENTLE,

TURNER & SEXTON (totaling $7,500.00).[1]

C.   That payment of said judgment is to be made to the Clerk of the United States District Court, Middle District, Eastern Division of Alabama within fourteen (14) days of the date of this order, and, that upon payment of said sum, the judgment is satisfied and the above Defendants are released and discharged from any and all liability or obligation to the Plaintiffs.

D.   The Clerk is DIRECTED to make disbursements from the settlement funds within twenty-one (21) days of the date of this order, as follows:

i. A payment in the amount of $5,000.00 to Sandra Love for the benefit of her minor child B.L. under the Alabama Facility of Payment Act;

ii. A payment in the amount of $10,000.00 to Sandra Love as a custodian for her minor child B.L. under the Alabama Uniform Transfers to Minors Act;

iii. A payment in the amount of $5,000.00 to Patricia Perkins for the benefit of her minor child A.L. under the Alabama Facility of Payment Act;

iv. A payment in the amount of $10,000.00 to Patricia Perkins as a custodian for her minor child A.L. under the Alabama Uniform Transfers to Minors Act;

v. A payment in the amount of $3.693.28 to the law firm of Gentle, Turner & Sexton for expenses; and

vi. A payment in the amount of $11,306.72 to the law firm of Gentle, Turner & Sexton for attorneys' fees.

E.   That the Defendants shall pay Katherine M. Klos, Esq., guardian ad litem for

---

[1] The combined total in attorneys' fees and expenses to be paid to GENTLE, TURNER & SEXTON is $15,000.00.

the child B. L., a reasonable attorney's fee of $1,861.60, and pay J. Evans Bailey, guardian ad litem for the child A.L., a reasonable attorney's fee of $1,864.10. The Defendants are DIRECTED to make these payments directly to the named guardians ad litem;

    F.    That this action is to be dismissed with prejudice.

SO ORDERED this the 2nd day of December, 2009.

_____
CHIEF UNITED STATES DISTRICT JUDGE